Application of Roy M. COHN for an Order in the nature of a writ of mandamus directed to Honorable Inzer B. Wyatt, Judge of the United States District Court, Southern District of New York, directing him to grant Petitioner's application for appropriate relief in the form of continuance of the trial.

No. 250, Docket 34012.

United States Court of Appeals Second Circuit.

Argued Sept. 17, 1969.

Decided Sept. 17, 1969.

Myron J. Greene, New York City (Saxe, Bacon & Bolan, New York City, on the brief), for petitioner.

John S. Allee, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York; Paul L. Perito and Peter L. Truebner, Asst. U. S. Attys., on the brief), for the United States of America.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

We deny in open court the Petition of Roy M. Cohn against Judge Inzer B. Wyatt to order him by writ of mandamus to adjourn for a reasonable time the start of Cohn's trial, set for September 23, 1969 in the Southern District of New York. By an indictment dated January 17, 1969, Cohn and three others are charged with conspiracy, bribery, and extortion.

The Petition is based on a claim that advance pretrial publicity makes selection of an impartial jury impossible; that prejudice was allegedly engendered by an article entitled "The Hotshot One-Man Roy Cohn Lobby" which appeared in Life magazine. The article, published on September 1 and 2, 1969, was introduced on August 30 by considerable advance publicity, and wide notice of it was taken by the news media immediately thereafter.

It is clear that the district judge, in denying the application for adjournment, does not view his action as being final. Obviously the district court has the power, in the light of what may develop upon the voir dire examination of prospective jurors, to determine how pervasive any prejudicial publicity may have been, and the extent to which this makes it difficult to select a jury sufficiently free from knowledge of any prejudicial publicity and able to decide the case on the evidence adduced in court. And in the light of such determinations the district court may, upon further application, make such further ruling regarding the continuance of the trial, or its removal to another place, as may be required upon the facts then before the court.